## Fry v. Laurel Development Company

Before Munson, Cicchetti and Adams, JJ.
*Thomas P. Ruane, Jr.*, for plaintiffs.
*Robert E. Eberly*, for G. C. Murphy Co.
*William Pietragallo*, for Laurel Development Co.

ADAMS, *J.* January 30, 1976—This matter is before the court en banc on preliminary objections in

the form of a demurrer raised by Laurel Development Company and G. C. Murphy Company, both defendants in an action brought by Audrey Fry and Merle Fry containing counts of trespass against both defendants and counts of assumpsit against G. C. Murphy Company only.

Laurel Development Company is seeking dismissal of the complaint for the reason that it raised the defense of the statute of limitations in its new matter which, undenied, is deemed to be admitted, in accordance with Pa. R. C. P. 1029(b).

G. C. Murphy Company filed no answer or new matter.

The court is of the opinion that the preliminary objections should be dismissed as to both defendants.

Plaintiffs filed their complaint on April 7, 1975, against the Laurel Development Company and G. C. Murphy Company to recover for injuries sustained and expenses incurred when, on January 23, 1973, plaintiff-wife slipped and fell on the premises of defendant, Laurel Development Company. Laurel Development Company filed an answer to the complaint and new matter in which it avers that the complaint is barred by the two-year statute of limitations. Plaintiffs failed to reply to the new matter. Laurel Development Company then filed preliminary objections, seeking dismissal of the complaint by reason of the statute of limitations having run.

It is the opinion of the court that Laurel Development Company properly raised the defense of the statute of limitations in new matter and, since no reply to the new matter was filed, the allegations made therein are deemed to be admitted by plaintiffs in accord with Pa. R. C. P. 1029(b). However, the court may not dispose of this matter by way of

preliminary objections; rather, a motion for judgment on the pleadings would be the proper vehicle.

Plaintiffs' action in trespass against G. C. Murphy Company alleged negligence in selling plaintiff-wife the allegedly defective shoes she was wearing when she fell on January 23, 1973, and, in assumpsit, alleged breach of warranty for the defective construction of the same shoes. G. C. Murphy Company filed no answer or new matter. Instead, it filed preliminary objections in the form of a demurrer, contending that since the complaint was not filed until April 7, 1975, more than two years after the alleged incident, the statute of limitations is a bar to this action.

The court is of the opinion that the statute of limitations involved in this action is waivable and, as such it is not a proper subject for preliminary objections but should be raised in new matter in accordance with Pa. R.C.P. 1030. We note in passing that the statute of limitations for personal injury arising from breach of warranty is four years: Salvador v. Atlantic Steel Boiler Co., 224 Pa. Superior Ct. 377, 307 A.2d 398 (1973); Uniform Commercial Code of April 6, 1953, P. L. 3, as amended, 12A PS §2-318.

Therefore, the court makes the following

## ORDER

And now, January 30, 1976, the preliminary objections of Laurel Development Company and of G. C. Murphy Company are hereby dismissed, with leave to defendants to take such action permitted under the Pennsylvania Rules of Civil Procedure not precluded by this order.